UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
DEEPTHIMOL SEBASTIAN,                                              :

                  Plaintiff,                        :       CIVIL CASE NO. 17-CV-1773

                            :

          -against-                                :       COMPLAINT

                            :

SHENE SERVICE LLC AND BETHANY SHENE,                              :

               Defendants.                          :       PLAINTIFF DEMANDS TRIAL
                            :       BY JURY
------------------------------------------------------------------ X

        Plaintiff, Deepthimol Sebastian (hereinafter "Plaintiff" or "Ms. Sebastian"), by her attorney, Brendan Chao, Attorney & Counsellor at Law, files this Complaint against Shene Service LLC ("Shene Service") and Bethany Shene ("Ms. Shene") (hereinafter collectively referred to as the "Defendants") and states as follows:

## NATURE OF THE ACTION

        1.    This is a civil action for damages based upon Defendants' violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201 et seq., the New York Labor Law (the "NYLL") §§ 190 et seq., 650 et seq., the New York State Department of Labor Regulations (the "NYDOL Regs."), 12 N.Y.C.R.R. §§ 142-2.1, 2.2, and other applicable rules, regulations, statutes, and ordinances.

        2.    Plaintiff alleges, pursuant to FLSA, that she is entitled to recover from Defendants: a) statutory overtime for all hours worked in excess of forty (40) hours per week; b) liquidated damages; and c) her reasonable attorneys' fees and costs of litigation.

3.     Plaintiff further alleges, pursuant to NYLL, that she is entitled to recover from Defendants: a) statutory overtime for all hours worked in excess of forty (40) hours per week; b) liquidated damages; c) prejudgment interest; and d) reasonable attorneys' fees and costs of litigation.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and principles of supplemental jurisdiction, 28 U.S.C. § 1367.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in the Eastern District of New York, and because Defendants regularly transacted business in this District, such that it is subject to personal jurisdiction in this district.

## THE PARTIES

1.     Plaintiff is a citizen of the State of New York, and resides in the County of Suffolk.

2.     Defendant Shene Service LLC is, upon information and belief, an active domestic corporation duly incorporated and registered in the State of New York, having a registered principal place of business, and a registered service of process address, located at 66 Newtown Lane, Suite 8, East Hampton, N.Y. 11937.  At all relevant times, Defendant Shene Service was an "employer" within the meaning of the FLSA and the NYLL.

3.     Defendant Bethany Shene, is the Chief Executive Officer, owner, shareholder, director, proprietor, and managing agent of Shene Service, who actively

2

participated, and continues to actively participate in sales management, executive supervision, and activities related to the operations of Defendant Shene Service, and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated there under, 29 C.F.R. § 791.2 as well as New York Labor Law § 2, and the Regulations there under, and is jointly and severally liable with Defendant Shene Service.

4.      At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, and the NYLL.

5.      Upon information and belief, Defendants operate an enterprise engaged in commerce within the meaning of the FLSA and the NYLL.

6.      Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and NYLL.

## FACTS

7.      Defendants hired Ms. Sebastian on or about September 17, 2012, and she worked for Defendants until January 9, 2016.

8.      Ms. Sebastian was initially hired by Defendants as a "live-in" Home Health Aide ("HHA"), and her responsibilities included attending patients in their homes and helping with basic activities of daily living.

9.      In addition, Ms. Sebastian lived with Ms. Shene and took care of Ms. Shene's children, cleaned her house, and did laundry for Ms. Shene in exchange for room and board.

10.     On or about January 30, 2013, Ms. Sebastian passed her exam to become a Registered Nurse ("RN"), and started working as an RN for Shene Service.

11.     During the summer of 2013, Ms. Shene owed Ms. Sebastian about $12,000 in wages which she paid back in small increments, and finally paid in full in 2014.

12.     In or about February of 2014, due to her father's illness, Ms. Sebastian wanted to work as many hours as she could in order to buy a house for her parents.

13.     Ms. Sebastian worked significant overtime hours on holidays, nights, and weekends during her employment as an RN to try and earn the money to buy the house.

14.     From about March 2014 to on or about December 15, 2014, Ms. Shene did not fully pay Ms. Sebastian.

15.     During that time, Ms. Shene paid Ms. Sebastian $3,787.57 instead of the $91,821.00 she had earned.

16.     Ms. Shene eventually began to make payments to Ms. Sebastian, but still owes her approximately $36,233.50.

17.     In 2015, Ms. Shene asked Ms. Sebastian to get credit cards under her name because Ms. Shene did not have good credit, and, according to Ms. Shene, could not apply for another credit card herself.

18.     Ms. Shene asked Ms. Sebastian to use those credit cards to which Ms. Sebastian agreed but only on the condition that Ms. Shene would pay the amount due at the end of the month.

19.     Ms. Shene has not paid back Ms. Sebastian for the money from the credit card use.

20.     In or about October 2015, Ms. Shene also told Ms. Sebastian that she had lost her driver's license, i.e. was no longer allowed to drive in New York, and informed her that she was going to put the title and insurance for her two cars under Ms. Sebastian's name.

21.     Ms. Sebastian agreed to do this because without the cars she would be unable to bring Ms. Shene's children to school, and Ms. Sebastian wanted to help her.

22.     In or about December of 2015, Ms. Shene wanted Ms. Sebastian to take care of her children and look after her house to which Ms. Sebastian agreed.

23.     By the end of December 2015, Ms. Sebastian asked Ms. Shene in person and via text for the money she was owed, but did not receive a reply.

24.     From November 27, 2015 to December 18, 2016, while working as an RN, Ms. Sebastian did not receive her regular pay for her overtime hours and only received $3,671.50.

25.     Whenever Ms. Sebastian asked about the money she was owed, Ms. Shene replied that she was having financial issues.

26.     When Ms. Shene's children were sick, she forced Ms. Sebastian to take care of the children and bring them to the doctor.

27.     Ms. Shene created an uncomfortable working and living environment for Ms. Sebastian.

28.     Ms. Sebastian continued to call and text Ms. Shene about her unpaid wages, her cell-phone and credit card bills while also letting her know that she wanted the titles and insurance of the cars out of her name.

29.     Ms. Shene eventually responded and told her to move out and that they would talk about everything later.

30.     On or about January 15, 2016, Ms. Sebastian moved out, and Ms. Shene told her to meet with her on January 22, 2016 at the East Hampton Starbucks to discuss what was owed to Ms. Sebastian.

31.     On or about January 20, 2016, Ms. Shene disconnected Ms. Sebastian's phone without any notice.

32.     On January 22, 2016, Ms. Shene did not show up to the scheduled meeting.

33.     Ms. Sebastian's father was admitted to the hospital so Ms. Sebastian explained to Ms. Shene that she really needed the money for her father, but never received a reply.

34.     Ms. Sebastian tried contacting Ms. Shene by calling, sending emails, and even sent her certified mail but Ms. Shene did not respond.

35.     Since Ms. Shene could not be reached, Ms. Sebastian had to contact the police in order to cancel the car insurance that was in her name.

36.     During this time as an RN, Ms. Sebastian was owed overtime pay on

approximately 1,752 overtime hours, i.e. the hours worked in excess of her scheduled straight time of forty (40) hours a week.

37.     In addition, Ms. Sebastian is also owed approximately 82 hours of regular and overtime pay where she received no compensation at all.

## FIRST COUNT
## (Overtime Claim Under FLSA)

38.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 as though they were set forth herein.

39.     The FLSA requires covered employers, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half their regular rates of pay for all work performed in excess of 40 hours in a workweek.

40.     Plaintiff is not exempt from the requirement that his employer pay him overtime compensation under the FLSA, and he is entitled to be paid overtime compensation by Defendants for all overtime hours worked.

41.     At all relevant times, Defendants have had and continued to have a policy and practice of improperly classifying workers as exempt from the provisions of the FLSA, and of willfully failing or refusing to pay Plaintiff overtime pay for his hours worked in excess of 40 hours in a workweek.

42.     Plaintiff regularly worked in excess of forty (40) hours per week.

43.     As a result of Defendants' willful failure to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for all work performed in excess of 40 hours in a workweek, Defendants have willfully violated the FLSA, 29 U.S.C. § 207(a)(1);

Defendants' violations of the FLSA have significantly damaged Plaintiff.

44.     The foregoing conduct of Defendants, as alleged, constitutes a willful violation, within the meaning of the FLSA, 29 U.S.C. § 255(a).

**SECOND COUNT**
**(Overtime Claim Under NYLL)**

45.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 44 as though they were set forth herein.

46.     Pursuant to the New York Department of Labor regulations incorporated in the statute, see NYLL § 2(16), "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in …[the FLSA]…." 12 N.Y.C.C.R. § 142-2.2.

47.     NYLL § 663, as amended in 2011, provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayment, together with costs, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total underpayment found to be due."

48.     Plaintiff regularly worked in excess of forty (40) hours per week.

49.     Plaintiff did not receive overtime compensation in violation of the NYLL and the Department of Labor regulations incorporated therein.

50.    Upon information and belief, Defendant's failure to pay overtime compensation was willful, and was part of a scheme to deprive Plaintiff of the compensation to which he was entitled pursuant to the NYLL, and the Department of Labor regulations incorporated therein.

51.    Defendants are therefore liable to Plaintiff for unpaid overtime compensation in an amount to be determined at trial, liquidated damages allowed by the NYLL, statutory prejudgment interest, and his reasonable attorneys' fees and litigation costs.

### THIRD COUNT
### (Quantum Meruit – Plead in the Alternative)

52.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 51 as though they were set forth herein.

53.    Plaintiff performed numerous and valuable services at the request for and on behalf of Defendants.  The reasonable value of those services for which Plaintiff has not been paid is believed to be in excess of $40,000.00.

54.    By reason of the foregoing, Defendants are liable to Plaintiff in an amount estimated to exceed $40,000.00 plus attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A.    Determination of the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. § 207(a)(1), and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment interest as may be allowed by law;

B.     Awarding Plaintiff an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and the New York State Labor Laws because Defendants' overtime violations were willful;

C.     Awarding Plaintiff his reasonable attorney's fees, and costs and disbursements in this action, including but not limited to any accountant's or expert's fees; and

D.     Granting Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  March 30, 2017
         Rockville Centre, N.Y.

BRENDAN CHAO
Attorney & Counsellor at Law

By:

Brendan Chao (BC 8811)

Attorney for Plaintiff
50 Merrick Road
Rockville Centre, N.Y. 11570
(516) 466-2033